**LEE LITIGATION GROUP, PLLC**
C.K. Lee
Brandon Sherr
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DAVID DICARLO,
*on behalf of himself and all others similarly situated,*

       Case No.:

       Plaintiff,       **CLASS ACTION COMPLAINT**

       -against-

RITE AID OF NEW YORK, INC.,

       Defendant.

      Plaintiff, DAVID DICARLO (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned attorney, hereby files this Class Action Complaint against Defendant, RITE AID OF NEW YORK, INC. (hereinafter "Defendant"), and states as follows:

## **INTRODUCTION**

    1.    This class action seeks to put an end to systemic civil rights violations committed by Defendant against the blind in New York State and across the United States. Defendant is denying blind individuals throughout the United States equal access to secure transactions due to debit card processing machines which lack necessary audio signaling, labeling, and capabilities.

    2.    Plaintiff is a visually impaired individual. He brings this civil rights class action

against Defendant for failing to safeguard their blind customers from taking unequal financial risks when completing transactions at their places of business using a debit card. Indeed, each time Plaintiff used his debit card to make a purchase at Defendant's various retail stores, he must rely on the cashier to tell him when he is being visually prompted to request or reject the "cash back" option, since the debit card processing machines lack audible functions.

3.     The widespread use of non-audio debit card processing machines by Defendant exposes blind and visually impaired customers of Defendant to the risks of theft and/or fraud.

4.     Plaintiff uses the terms "blind person" or "blind people" and "the blind" to refer to all persons with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20/200. Some blind people who meet this definition have limited vision. Others have no vision.

5.     Approximately 8.1 million people in the United States are visually impaired, including 2.0 million who are blind.[1] There are approximately 400,000 visually impaired persons in New York State.[2]

6.     Many blind people engage in retail shopping and frequently use debit cards for purchases. The lack of an accessible debit card processing machine with audio functionalities means that blind people are excluded from the ease, convenience, and security of making purchases that is regularly provided to sighted people in using debit cards.

7.     Defendant relies on the use of debit card processing machines with an exclusively visual interface. Defendant's sighted customers can independently purchase items from Defendant's businesses without exposing their bank accounts to risk or requiring the assistance of others. However, blind and visually impaired people require the cashier to finalize any transactions

---

[1] Americans with Disabilities: 2010 Report, U.S. Census Bureau Reports
[2] American Foundation for the Blind, State-Specific Statistical Information, January 2015

made with the debit card processing machines and select their preferred cash back option. Unless the debit card processing machine is equipped with audio functionality, blind and impaired people are subjected to the risk of allowing another individual to use their debit card and/or commit fraud by requesting cash back without their knowledge or consent.

8.    By failing to make the debit card machines safe and secure to blind persons, Defendant is violating basic equal access requirements under both state and federal law.

9.    Congress provided a clear and national mandate for the elimination of discrimination against individuals with disabilities when it enacted the Americans with Disabilities Act. Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with disabilities, including those barriers created by public accommodations that are inaccessible to blind and visually impaired persons. Similarly, New York state law requires places of public accommodation to ensure equal access to goods, services and facilities by making reasonable accommodations for persons with disabilities.

10.    Plaintiff intended to independently purchase items at Defendant's place of business at 282 8th Avenue, New York, NY 10001, most recently in June 2019. However, unless Defendant remedies the numerous access barriers on the machines or replaces them with accessible alternatives, Plaintiff and Class members will continue to be unable to independently purchase items from Defendant's places of business without exposing themselves to unnecessary risk of fraud and theft.

11.    This Complaint seeks declaratory and injunctive relief to correct Defendant's policies and practices to replace or update its debit card processing systems so that there are audio functions to offer Plaintiff and the proposed Class and Subclass of customers who are blind and need assistive technology to independently determine whether they want to have "cash back."

Without this ability, Plaintiff and the proposed Class and Subclass of customers who are blind or visually impaired must rely on a cashier of indeterminate background who may commit fraud in the account. These changes would give Plaintiff the ability to independently and privately use his debit card to make purchases and obtain cash back. This Complaint also seeks compensatory damages for Class members for having been subjected to unlawful discrimination.

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188, for Plaintiff's claims arising under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA").

13.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over Plaintiff's pendent claims under the New York State Human Rights Law, N.Y. Exec. Law, Article 15 (Executive Law § 290 *et seq*.) and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-101 *et seq*. ("City Law").

14.    Venue is proper pursuant in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a). Defendant is subject to personal jurisdiction in the Southern District of New York because a substantial part of the acts and omissions giving rise to Plaintiff's claims have occurred in the Southern District of New York. N.Y. C.P.L.R. § 503(a) based on Plaintiff's place of residence. Plaintiff is a resident of New York, New York State. Defendant is subject to personal jurisdiction in this State because Defendant has established minimum contacts in the forum state, as a substantial part of the acts and omissions giving rise to Plaintiff's claims have occurred in New York State because Plaintiff attempted to independently make a purchase at one of Defendant's places of business in New York County, New York. Defendant also has been and is committing the acts alleged herein New York State, has been and is violating the rights of

consumers in New York State, and has been and is causing injury to consumers in New York State.

## PARTIES

15.     Plaintiff is and has been at all times material hereto a resident of New York County, New York.

16.     Plaintiff is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR § 36.101 *et* seq., the New York State Human Rights Law, and the New York City Human Rights Law. Most recently in June 2019, Plaintiff attempted to independently make a purchase at the Rite Aid located at 282 8th Avenue, New York, NY 10001 but could not do so due to the inaccessibility of the debit card processing machines available at Defendant's stores throughout the United States. The inaccessibility of the debit card machines has deterred him from the enjoyment of the Rite Aid store.

17.     Defendant is an American for-profit corporation organized under the laws of New York State. Defendant has a principal executive office located at 30 Hunter Lane, Camp Hill, Pennsylvania 17011 and a registered agent address at 28 Liberty Street, New York, New York 10005.

18.     Defendant owns and operates a popular, successful American pharmacy chain (hereinafter the "Stores") called Rite Aid with locations throughout New York State and the United States, which are places of public accommodation. The Stores provide to the public important goods, such as over-the-counter and prescription medicines, toiletries, cosmetic products, packaged food items, household goods, and gift cards. The credit/debit card processing machines provided by Defendant allow customers to purchase products. However, at the end of each purchase transaction using a debit card, the customer is asked automatically whether they want

"cash back." The blind customer must rely on the good will of the cashier to accurately say no or provide the proper amount of cash he wants, which subjects him to theft and fraud by the very cashier who is supported to assist him.

19.     The failure of Defendant to provide equal access to millions of blind and visually impaired individuals violates New York state law, including, but not limited to, New York State Human Rights Law, N.Y. Exec. Law, and New York State Civil Rights Law. Remedying that violation is critical to the state law's goal of providing people with disabilities the same access that others take for granted. Accordingly, Plaintiffs seek injunctive and declaratory relief to ensure that blind and visually impaired individuals have independent access to the debit card processing machines that do not require third parties.

20.     Plaintiff, on behalf of himself and others similarly situated seeks full and equal access to the goods and services provided by Defendant through their Stores, which are available for purchase by debit card.

## CLASS ACTION ALLEGATIONS

21.     Plaintiff, on behalf of himself and all others similarly situated, seeks certification of the following nationwide class pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure: "all legally blind individuals in the United States who have attempted to independently purchase products from Defendant using their debit card and, as a result, have been denied access to the enjoyment of goods and services offered by Defendant, during the relevant statutory period."

22.     Plaintiff seeks certification of the following New York subclass pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and, alternatively, 23(b)(3): "all legally blind individuals in New York State who have attempted to independently purchase products from Defendant using their debit

card and, as a result, have been denied access to the enjoyment of goods and services offered by Defendant, during the relevant statutory period."

23.    There are hundreds of thousands of visually impaired persons in New York State. There are approximately 8.1 million people in the United States who are visually impaired. Thus, the persons in the class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

24.    This case arises out of Defendant's policy and practice of offering inaccessible debit card processing machines which deny blind persons access to the goods and services of the Stores. Due to Defendant's policy and practice of failing to remove access barriers, blind persons have been and are being denied full and equal access to independently purchase products at the Stores using their debit cards.

25.    There are common questions of law and fact common to the class, including without limitation, the following:

     a.    Whether the Store is a "public accommodation" under the ADA;

     b.    Whether the Store is a "place or provider of public accommodation" under the laws of New York;

     c.    Whether Defendant through its use of inaccessible debit card processing machines denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities in violation of the ADA; and

     d.    Whether Defendant through its use of inaccessible debit card processing machines denies the full and equal enjoyment of its goods, services, facilities,

privileges, advantages, or accommodations to people with visual disabilities
in violation of the laws of New York.

26.    The claims of the named Plaintiff are typical of those of the Class. The Class,
similarly to the Plaintiff, are severely visually impaired or otherwise blind, and claim that
Defendant has violated the ADA, and/or the laws of New York by failing to update or remove
access barriers to the debit card processing machines, so it can be independently accessible to the
Class of people who are legally blind.

27.    Plaintiff will fairly and adequately represent and protect the interests of the
members of the Class because Plaintiff has retained and is represented by counsel competent and
experienced in complex class action litigation, and because Plaintiff has no interests antagonistic
to the members of the class. Class certification of the claims is appropriate pursuant to Fed. R. Civ.
P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the
Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the
Class as a whole.

28.    Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3)
because questions of law and fact common to Class members clearly predominate over questions
affecting only individual Class members, and because a class action is superior to other available
methods for the fair and efficient adjudication of this litigation.

29.    Judicial economy will be served by maintenance of this lawsuit as a class action in
that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the
filing of numerous similar suits by people with visual disabilities throughout the United States.

30.    References to Plaintiff shall be deemed to include the named Plaintiff and each
member of the Class, unless otherwise indicated.

## FACTUAL ALLEGATIONS

31.    Defendant owns and operates Rite Aid, an American pharmacy chain with 3,299 locations across the United States, including 484 business locations in New York State.[3]

32.    This case arises out of Defendant's policy and practice of denying the blind independent access to debit card transactions. Due to Defendant's failure and refusal to remove access barriers to the debit card machines, blind individuals have been and are being denied equal access to secure transactions when making purchases in the Stores.

33.    Defendant denies the blind access to their debit card machines, which are used by sighted people to safely, securely, independently, and privately make purchases at Defendant's Stores.

34.    The blind require access to debit card processing machines equipped with audio and tactile functions so that a blind individual can independently reject or consent to the cash back function on all debit card transactions. Blind persons are otherwise unable to complete purchases without requiring the assistance of a cashier and risking theft or fraud during the process.

35.    Blind users must be able to access text content on the debit card machines, but text content on the machines is not offered audibly. When the machine prompts its user to select or reject its cash back option, it is only visually presented, thereby excluding blind and visually impaired persons from comprehending the stage of payment and/or the buttons they must press to select their preferred option. Visually impaired users like Plaintiff are forced to rely on the cashier to tell them what is written on the machine and direct their finger to the correct button. This

---

[3] "All Rite Aid Locations in New York: Pharmacy, Wellness Clinic, Online Refills." *All Rite Aid Locations in New York | Pharmacy, Wellness Clinic, Online Refills*, locations.riteaid.com/locations/ny.html.

subjects the blind customer to significant opportunities for fraud and theft because the customer may say "no" but the cashier may hit the "yes" button and deplete their bank account without his knowledge.

36.    The debit card machines used and offered by Defendant require a person to be sighted, or aided by someone who is sighted, to complete a transaction Indeed, Plaintiff and blind users cannot operate a text-only machine because reading text and pressing visually-cued buttons are inherently visual activities. Thus, the Stores' inaccessible debit card machines, which require blind and visually impaired customers to depend on the aid of cashiers to navigate the visual prompts, deny Plaintiff the ability to independently purchase products offered by Defendant in their Stores.

37.    Due to the machines' inaccessibility, Plaintiff must spend time, energy, and/or money to find alternative means of making their purchases  at the Stores. By contrast, if the machines were accessible, a blind person could purchase products at Rite Aid stores and independently navigate the cash back option when using their debit cards.

38.    The Stores owned by Defendant contain access barriers which deny full and equal access to Plaintiff, who would otherwise be able to fully and equally enjoy the benefits and services of the Stores in New York State.

39.    Plaintiff is a regular customer of Rite Aid, visiting Defendant's stores in Manhattan and Westchester County and purchasing products weekly,  most recently in June 2019, but has never been able to independently navigate the "cash back" function when he uses his debit card. Every time he uses his debit card he is in fear that he will be subjected to fraud and theft.

40.    As described above, Plaintiff has actual knowledge of the fact that the debit card machines contain access barriers causing them to be inaccessible, and not independently usable by, blind and visually impaired individuals.

41.    These barriers to access have denied Plaintiff full and equal access to, and enjoyment of, the goods, benefits and services of the Stores.

42.    Defendant engaged in acts of intentional discrimination, including but not limited to the following policies or practices:

(a)    employing the widespread use of debit card processing machines that are inaccessible to blind class members because they do not include audio or tactile functionalities; and/or

(b)    failing to take actions to correct these access barriers in the face of substantial harm and discrimination to blind individuals, including Plaintiff.

43.    Defendant utilizes standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**(Violation of 42 U.S.C. § 12181, *et seq.* — Title III of the Americans with Disabilities Act)**
**(on behalf of Plaintiff and the Class)**

44.    Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

45.    Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12182(a), provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates

a place of public accommodation." Title III also prohibits an entity from "[u]tilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability." 42 U.S.C. § 12181(b)(2)(D)(I).

46.     Rite Aid stores are sales establishments and public accommodations within the definition of 42 U.S.C. § 12181(7)(K).

47.     Defendant is subject to Title III of the ADA because it owns and operates the Stores.

48.     Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(I) it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

49.     Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

50.     Specifically, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

51.     In addition, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(III), unlawful discrimination also includes, among other things, "a failure to take such steps as may be

necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

53.    The acts alleged herein constitute violations of Title III of the ADA, 42 U.S.C. § 12101 *et seq.,* and the regulations promulgated thereunder. Patrons of Defendant who are blind have been denied full and equal access to the Stores, have not been provided services that are provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled patrons.

54.    Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

55.    As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations, and/or opportunities of the Stores in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* and/or its implementing regulations.

56.    Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the proposed Class and Subclass will continue to suffer irreparable harm.

57.    The actions of Defendant were and are in violation of the ADA and therefore Plaintiff invokes his statutory right to injunctive relief to remedy the discrimination.

58.    Plaintiff is also entitled to reasonable attorneys' fees and costs.

59.    Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION

**(Violation of New York State Human Rights Law, N.Y. Exec. Law,
Article 15 (Executive Law § 292 *et seq*.)
(on behalf of Plaintiff and the Class)**

60.    Plaintiff realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

61.    N.Y. Exec. Law § 296(2)(a) provides that it is "an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation … because of the … disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

62.    The Stores located in New York State are sales establishments and public accommodations within the definition of N.Y. Exec. Law § 292(9).

63.    Defendant is subject to New York Human Rights Law because it owns and operates the Stores. Defendant is a person within the meaning of N.Y. Exec. Law § 292(1).

64.    Defendant is violating N.Y. Exec. Law § 296(2)(a) in refusing to update or remove access barriers to the Stores, causing the Stores to be inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, goods and services that Defendant makes available to the non-disabled public.

65.    Specifically, under N.Y. Exec. Law § 296(2)(c)(I), unlawful discriminatory practice includes, among other things, "a refusal to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges,

advantages or accommodations to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations."

66. In addition, under N.Y. Exec. Law § 296(2)(c)(II), unlawful discriminatory practice also includes, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden."

67.    Defendant's actions constitute willful intentional discrimination against the class on the basis of a disability in violation of the New York State Human Rights Law, N.Y. Exc. Law § 296(2) in that Defendant has:

    (a)    employed the widespread use of debit card processing machines to complete transactions and purchases at Defendant's Stores which blind individuals cannot independently navigate and leaves them susceptible to fraud and theft by the way cashiers who are supposed to assist him; and/or

    (b)    failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

68.    Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

69.    As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of the Stores under §

296(2) *et seq.* and/or its implementing regulations. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the class will continue to suffer irreparable harm.

70.     The actions of Defendant were and are in violation of New York State Human Rights Law and therefore Plaintiff invokes his right to injunctive relief to remedy the discrimination.

71.      Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines pursuant to N.Y. Exc. Law § 297(4)(c) *et seq.* for each and every offense.

72.      Plaintiff is also entitled to reasonable attorneys' fees and costs.

73.      Pursuant to N.Y. Exec. Law § 297 and the remedies, procedures, and set forth and incorporated therein Plaintiff prays for judgment as set forth below. rights

### THIRD CAUSE OF ACTION

**(Violation of New York State Civil Rights Law, NY CLS Civ R,
Article 4 (CLS Civ R § 40 *et seq.*)
(on behalf of Plaintiff and the Class)**

74.     Plaintiff served notice thereof upon the attorney general as required by N.Y. Civil Rights Law § 41.

75.     Plaintiff realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

76.     N.Y. Civil Rights Law § 40 provides that "all persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons. No persons, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any such place shall directly or

indirectly refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities and privileges thereof …"

77.     N.Y. Civil Rights Law § 40-c(2) provides that "no person because of … disability, as such term is defined in section two hundred ninety-two of executive law, be subjected to any discrimination in his or her civil rights, or to any harassment, as defined in section 240.25 of the penal law, in the exercise thereof, by any other person or by any firm, corporation or institution, or by the state or any agency or subdivision"

78.     The Stores located in New York State are sales establishments and public accommodations within the definition of N.Y. Civil Rights Law § 40-c(2).

79.     Defendant is subject to New York Civil Rights Law because it owns and operates the Stores. Defendant is a person within the meaning of N.Y. Civil Law § 40-c(2).

80.     Defendant is violating N.Y. Civil Rights Law § 40-c(2) in refusing to update or remove access barriers. This inaccessibility denies blind patrons full and equal access to the facilities, goods and services that Defendant makes available to the non-disabled public.

81.     In addition, N.Y. Civil Rights Law § 41 states that "any corporation which shall violate any of the provisions of sections forty, forty-a, forty-b or forty-two … shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby…"

82.     Specifically, under NY Civ Rights Law § 40-d, "any person who shall violate any of the provisions of the foregoing section, or subdivision three of section 240.30 or section 240.31 of the penal law, or who shall aid or incite the violation of any of said provisions shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby in any court of

competent jurisdiction in the county in which the defendant shall reside …"

83.     Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

84.     As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff on the basis of disability are being directly or indirectly refused, withheld from, or denied the accommodations, advantages, facilities and privileges thereof in § 40 *et seq.* and/or its implementing regulations.

85.     Plaintiff is entitled to compensatory damages of five hundred dollars per instance, as well as civil penalties and fines pursuant to N.Y. Civil Law § 40 *et seq.* for each and every offense.

### FOURTH CAUSE OF ACTION

**(Violation of New York City Human Rights Law,
N.Y.C. Administrative Code § 8-102, *et seq.*)
(on behalf of Plaintiff)**

86.     Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

87.     N.Y.C. Administrative Code § 8-107(4)(a) provides that "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation, because of … disability … directly or indirectly, to refuse, withhold from or deny to such person, any of the accommodations, advantages, facilities or privileges thereof."

88.     The Stores located in New York State and throughout the United States are sales establishments and public accommodations within the definition of N.Y.C. Administrative Code § 8-102(9).

89.     Defendant is subject to City Law because it owns and operates the Stores. Defendant is a person within the meaning of N.Y.C. Administrative Code § 8-102(1).

90.     Defendant is violating N.Y.C. Administrative Code § 8-107(4)(a) in refusing to update or remove access barriers to the Stores. Due to the inaccessibility of the debit card processing machines used by the Stores to complete transactions, blind patrons are denied full and equal access to the facilities, goods, and services that Defendant makes available to the non-disabled public. Specifically, Defendant is required to "make reasonable accommodation to the needs of persons with disabilities … any person prohibited by the provisions of [§ 8-107 *et seq.*] from discriminating on the basis of disability shall make reasonable accommodation to enable a person with a disability to … enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Administrative Code § 8-107(15)(a).

91.     Defendant's actions constitute willful intentional discrimination against Plaintiff on the basis of a disability in violation of the N.Y.C. Administrative Code § 8-107(4)(a) and § 8-107(15)(a) in that Defendant has:

(a)     Employed the widespread use of debit card processing machines that are not completely accessible to blind individuals with knowledge of the discrimination; and/or

(b)     failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind people.

92.     Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

93.     As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of the Stores under § 8-107(4)(a) and/or its implementing regulations. Unless the Court enjoins Defendant from continuing to

engage in these unlawful practices, Plaintiff will continue to suffer irreparable harm.

94.     The actions of Defendant were and are in violation of City law and therefore Plaintiff invokes his right to injunctive relief to remedy the discrimination.

95.     Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each offense.

96.     Plaintiff is also entitled to reasonable attorneys' fees and costs.

97.     Pursuant to N.Y.C. Administrative Code § 8-120 and § 8-126 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## FIFTH CAUSE OF ACTION

### (Declaratory Relief)
### (on behalf of Plaintiff and the Class)

98.     Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

99.     An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that the Stores contain access barriers denying blind customers the full and equal access to the goods, services and facilities of the Stores, which Defendant owns, operates, and/or controls, fails to comply with applicable laws including, but not limited to, N.Y. Exec. Law § 296, *et seq.,* and N.Y.C. Administrative Code § 8-107, *et seq.* prohibiting discrimination against the blind.

100.     A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests relief as follows:

101.     A preliminary and permanent injunction to prohibit Defendant from violating N.Y. Exec. Law § 296, *et seq.,* N.Y.C. Administrative Code § 8-107, *et seq.*, and the laws of New York;

102.     A preliminary and permanent injunction requiring Defendant to take all the steps necessary to bring the Stores into full compliance with the requirements set forth in New York state law, so that the Stores, and the products sold by Defendant through their Stores, are readily accessible to and usable by blind individuals;

103.     A declaration that Defendant owns, maintains and/or operates the Stores in a manner which discriminates against the blind and which fails to provide access for persons with disabilities as required by N.Y. Exec. Law § 296, *et seq.,* N.Y.C. Administrative Code § 8-107, *et seq.*, and the laws of New York;

104.     Compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, to Plaintiff for violations of their civil rights under New York State Human Rights Law and City Law;

105.     Plaintiff's reasonable attorneys' fees, expenses, and costs of suit as provided by state law;

106.     For pre- and post-judgment interest to the extent permitted by law; and

107.     Such other and further relief as the Court deems just and proper.

DATED: July 15, 2019

                                             **LEE LITIGATION GROUP, PLLC**

                                             By:  _/s/ C.K. Lee_____
                                                    C.K. Lee, Esq.
                                                    148 West 24th Street, 8th Floor
                                                    New York, NY 10011
                                                    Tel.: 212-465-1188
                                                    Fax: 212-465-1181